■ In the Matter of the Claim of CAROLINE CURRIVAN, Respondent, v. EDWARD LEWIS et al., Appellants, and L & D PLUMBING & HEATING, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 11, 1970, which modified a Referee's decision by finding 50% responsibility for each employer and that Edward Lewis was insured by two carriers, each of which bears 50% of his responsibility. William Currivan died of injuries sustained on Saturday, October 26, 1968 while working at the residence of one John Buggle. At the time of the injury he was working for L & D Plumbing and Heating, Inc. (hereinafter L & D). He was, however, a regular employee and on the payroll of Edward Lewis. The record reveals that there was an understanding between Lewis and L & D that each could borrow employees from the other and the loaning employer would pay the wages, being reimbursed thereafter by the borrowing employer, with a balancing of accounts periodically. The record further reveals that this arrangement was for the convenience of both employers. The record also discloses that Lewis had a place of business at Waterloo, New York, until June, 1968 and then moved to Seneca Falls, New York. While at Waterloo he maintained compensation insurance with the Glens Falls Insurance Company. Glens Falls issued a renewal policy on the Waterloo premises for the period of October 9, 1968 to October 9, 1969. Lewis also obtained compensation insurance with the Merchants Mutual Insurance Company at the Seneca Falls address. Lewis contends that Currivan was not his employee at the time of the injury and that there was no contract of insurance between Glens Falls and Lewis at the time. The board rejected both of these contentions. We agree with the board. On the record as a whole there is substantial evidence to sustain the board's

finding that Currivan was in the general employ of Lewis at the time he was injured and the special employment of L & D. (*Matter of Mann* v. *Weaver*, 27 A D 2d 681.) The finding that there was dual coverage is also supported by substantial evidence. (*Matter of Vicari* v. *Rialto Fruit Shop*, 32 A D 2d 679.) Lewis retained the insurance policy from Glens Falls and there was testimony that at least a part of the premium had been paid. Decision affirmed, with costs to respondent filing brief. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ., concur.